UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE HILL, JR., <br><br> Plaintiff, <br> v. <br><br> ERIKA NOORT, et al., <br><br> Defendants. | CASE NO. 3:23-CV-5923-TMC-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: April 5, 2024 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Horace Hill, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court recommends this case be dismissed.

**I.     Background**

In the Amended Complaint, Plaintiff, a pretrial detainee housed in the Clark County Jail ("Jail"), alleges his rights were violated by Sandra Aldridge, Erika Noort, and the Washington

REPORT AND RECOMMENDATION - 1

State Department of Children, Youth and Families from a series of incidents that lead to his arrest. Dkt. 11.

## II.     Extension of Time

Plaintiff's amended pleading was due on March 1, 2024. *See* Dkt. 9. On March 4, 2024, Plaintiff filed a letter stating his amended pleading would not be filed on time. Dkt. 10. Plaintiff filed his Amended Complaint on March 7, 2024. Dkt. 11. To the extent Plaintiff is requesting an extension of time, the Motion (Dkt. 10) is granted. The Court considers Plaintiff's Amended Complaint timely filed.

## III.    Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

*Improper Defendant.* First, Plaintiff has named the Washington Department of Children, Youth and Families ("DCYF") as a defendant. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication DCYF, a state agency, has waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which

relief can be granted as to DCYF. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

*Failure to State a Claim.*  Second, in the Amended Complaint, Plaintiff fails to clearly allege facts that show his rights were violated by Defendants Noort and Aldridge. Dkt. 11. Plaintiff identifies Defendant Noort as a Child Protective Services (CPS) Worker/Investigator. *See id*. Plaintiff provides conclusory allegations that Defendant Noort helped assist the police in arresting Plaintiff. Plaintiff also appears to allege Defendant Aldridge, a detective, is liable for false arrest and false imprisonment because Plaintiff does not think the dates in Defendant Aldridge's reports are consistent. *Id*.

Plaintiff's allegations are insufficient to show Defendants Noort or Aldridge took actions, or failed to take actions, resulting in a violation of Plaintiff's constitutional rights. Rather, Plaintiff seems frustrated by Defendants Noort's and Aldridge's alleged involvement in his arrest. Plaintiff's conclusory allegations are insufficient to show Defendants Noort or Aldridge personally participated in any alleged constitutional violations. As Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

*Younger Abstention.*  Importantly, the Court observes that Plaintiff's claims pertain to his ongoing criminal proceedings and are not properly before this Court at the present time. *See* Dkt. 11. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and

1  immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual

2  circumstances is a defendant entitled to have federal interposition by way of injunction or habeas

3  corpus until after the jury comes in, judgment has been appealed from and the case concluded in

4  the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also*

5  *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

6      Under *Younger*, abstention from interference with pending state judicial proceedings is

7  appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding

8  'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state

9  proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or

10  has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v.*

11  *Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*

12  *Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke *Younger*

13  abstention if there is a "showing of bad faith, harassment, or some other extraordinary

14  circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v.*

15  *Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

16      Here, Plaintiff is a pretrial detainee subject to an ongoing state criminal proceeding, and

17  such proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49

18  (1986); *Younger*, 401 U.S. at 43–45. Plaintiff alleges no facts demonstrating that he could not

19  bring his claims in state court, and Plaintiff's requested relief, which includes release from

20  custody and a related inference that the pending charges against him should be dismissed, clearly

21  seeks to enjoin the ongoing state court proceeding. Dkt. 11 at 13. In fact, Plaintiff states he is

22  raising claims that include a due process violation and *Brady* violation, which relate to his

23  underlying criminal matter. *Id*. at 8-9. In addition, Plaintiff's Amended Complaint does not

24

REPORT AND RECOMMENDATION - 5

reveal any extraordinary circumstance that would make abstention inappropriate. Thus, it appears that *Younger* abstention applies to Plaintiff's claims, and Plaintiff has, therefore, failed to state a claim upon which relief may be granted.

### IV.    Conclusion

Plaintiff's Motion for an Extension of Time (Dkt. 10) is granted. After review of the Amended Complaint, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court recommends this case be dismissed. As Plaintiff has failed to state a claim upon which relief may be granted, this case constitutes a strike under 42 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 5, 2024, as noted in the caption.

Dated this 15th day of March, 2024.

David W. Christel
United States Magistrate Judge